IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BONNIE R. FOWLER,<br><br>                 Plaintiff,<br><br>v.<br><br>MARK R. McDOUGAL, Mark R. McDOUGAL & ASSOCIATES, DON R. SCHOW, BRENT WAMSLEY, DOUGLAS C. McDOUGAL,<br><br>                 Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:16-cv-00163<br><br>United States District Court Judge Dale Kimball<br><br>Magistrate Judge Dustin Pead |

      This matter was referred to Magistrate Judge Dustin Pead by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B) (Docket Number 5). Currently pending before this court is Plaintiff Bonnie R. Fowler's ("Plaintiff") Motion For Appointment of Counsel (Docket Number 4).[1]

      A plaintiff in a civil case has no statutory or constitutional right to the appointment of counsel. *See, e.g.*, *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). When deciding whether to appoint counsel, a Court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996).

      Applying these factors to Plaintiff's case, the Court concludes: (1) it is not yet clear

---

[1] The court previously approved Plaintiff's application to file the matter in forma pauperis pursuant to 28 U.S.C. § 1915. (Docket Number 2).

whether Plaintiff has asserted colorable claims, (2) the issues involved are not overly complex, and (3) Plaintiff is able to adequately present her claims as evidenced by the content of her complaint in which she identifies defendants, sets forth and cites specific causes of action and explains her injury and request for relief.   As a result, at this time the Court **DENIES** Plaintiff's motion for appointment of counsel (Docket Number 2).  However, as the matter develops, if it appears that counsel may be necessary or of special assistance, the Court may exercise its discretion to appoint an attorney to represent Plaintiff pro bono.

                         **IT IS SO ORDERED**.

DATED this 6th day of April, 2016.

_____
Dustin Pead
U.S. Federal Magistrate Judge