## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **BONNIE R. FOWLER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MARK R. MCDOUGAL, DON R. SCHOW, BRENT WAMSLEY, DOUGLAS C. MCDOUGAL and MARK R. MCDOUGAL & ASSOCIATES**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:16-cv-00163**<br><br>**United States District Court Judge Dale Kimball**<br><br>**Magistrate Judge Dustin Pead** |

### INTRODUCTION

On March 7, 2016, District Court Judge Dale Kimball referred this matter to Magistrate Judge Dustin Pead pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF No. 5.) At the outset, the court notes that Plaintiff Bonnie Fowler (Plaintiff or Fowler) has been permitted to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (IFP Statute) (ECF No. 2.)

On August 26, 2016, this court issued a Ruling finding Fowler's original complaint deficient and granting her an additional fifteen (15) days within which to file an amended pleading (ECF No. 28.) Thereafter, Fowler timely filed her amended complaint naming Mark R. McDougal, Don R. Schow, Brent Wamsley, Douglas C. McDougal and Mark R. McDougal & Associates as Defendants (Defendants) and asserting civil rights violations totaling $2,976,515.00 in damages (ECF No. 30.) In response, Defendants filed individual motions to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted (ECF Nos. 31, 32, 34, 35, 36.)

Also pending is Plaintiff's renewed motion to appoint counsel (ECF No. 38) and her motion to "Request To Respond To Defendant's Answers To Amended Civil Rights Complaint" (ECF No. 37.)

## STANDARD OF REVIEW

As addressed in its previous Order, the IFP Statute requires the court to screen Plaintiff's complaint to determine if it should be dismissed. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e) provides that a court shall "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii). The court applies "the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that [it] employ[s] for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay v. Bemis*, 500 F.33d 1214, 1217 (10th Cir. 2007) (*citing Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Pursuant to Federal Rule 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it "appears beyond a doubt that a plaintiff cannot prove any set of facts entitling [plaintiff] to relief." *Gonzales v. City of Castle Rock,* 366 F.3d 1093, 1096 (10th Cir. 2004), *rev'd* on other grounds, 545 U.S. 748 (2005); *see also Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002).

When considering a motion for dismissal a court should "assume the factual allegations are true and ask whether it is plausible that the Plaintiff is entitled to relief." *Gallagher v. Shelton,* 587 F.3d 1063, 1068 (10th Cir. 2009) (citation omitted). A claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

A court may only consider the facts actually alleged and should disregard conclusory allegations

made without supporting factual averments. *Moya v. Schollenbarger*, 465 F.3d 444, 455–57

(10th Cir. 2006); *Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1321 (10th Cir. 1977)

("allegations of conclusions or of opinions" are not sufficient absent facts); *Twombly*, 550 U.S. at

555 (2007) (complaint must contain "more than labels and conclusions" and "raise a right to

relief above the speculative level."). At a minimum, the complaint is required to "give the

defendant fair notice of what the claim is . . . and the grounds upon which it rests." *Id.*

(quotations and citation omitted) (alteration in original) (emphasis added).

Fowler proceeds pro se. As a pro se litigant, the court must construe her pleadings

liberally and hold them "to a less stringent standard than formal pleadings drafted by lawyers."

*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Erickson v. Pardus,* 551 U.S. 89,

94, 127 S. Ct. 2197, 167 L.Ed. 2d 1081 (2007) (per curiam); *Van Deelen v. Johnson,* 497 F.3d

1151, 1153 n.1 (10th Cir. 2007). Even under a less stringent standard, the court may not "supply

additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a

plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## DISCUSSION

Fowler's amended complaint provides additional details that were not set forth in her

original pleading. However, despite the inclusion of this added information, Plaintiff's amended

pleading fails to comport with federal rules or to state a claim upon which relief may be granted.

Accordingly, for the reasons set forth herein, the court recommends dismissal of Plaintiff's

action.

**<u>Plaintiff's Amended Complaint Fails To Comply With Federal Rule Of Civil Procedure 8.</u>**

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* DUCivR 3-5 (the complaint "should state the basis for the court's jurisdiction, the basis for the plaintiff's claim or cause for action, and the demand for relief.") Rule 8's requirements are designed to guarantee that "defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.,* 767 F. Supp 1062, 1069 (D. Colo. 1991); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Although Fowler's amended complaint provides information not set forth in her earlier pleading, the added detail lacks further clarity. Plaintiff's narrative style recitation of "facts" and "claims" makes it nearly impossible to determine the context in which any of the alleged events occurred. Further, it is unclear against whom Plaintiff makes her allegations as her causes of action reference named Defendants along with other individuals and entities not named as parties.

Overall, the court is unable to discern what specific actions are attributable to which of the named Defendants, or how and in what context those actions amount to a violation of Fowler's constitutional rights. The pleading fails to provide the Defendants with fair notice of the claims and the grounds upon which they rest. Based upon Plaintiff's failure to comply with

federal rule 8, the court recommends dismissal of her amended complaint.

**Plaintiff Fails To State Cognizable Claims For Violation Of Her Civil Rights**

Notwithstanding the above mentioned violations of rule 8, the court also recommends

dismissal of Fowler's complaint for failure to state a claim under 42 USC § 1983, § 1985 and

§ 1986.

### 42 U.S.C. § 1983

To assert a cause of action under Section 1983, a plaintiff must plead "both the existence

of a federally-protected right and the deprivation of that right by a person acting under color of

state law." *Wittner v. Banner Health,* 720 F.3d 770, 773 (10th Cir. 2013); *West v. Atkins,* 487 U.S.

42, 48, 108 S. Ct. 2250, L. Ed. 2d 40 (1988). In addition, a § 1983 plaintiff must establish "an

affirmative link between a defendant's conduct and a constitutional violation, and that

affirmative link 'must be alleged in the complaint as well as proven at trial.'" *Auvaa v. City of*

*Taylorsville,* 506 F. Supp. 2d 903, 909-10 (D. Utah 2007) (*citing Stidham v. Peace Officer*

*Standards And Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).

Private conduct,"'no matter how discriminatory or wrongful' may not be redressed by a

§ 1983 claim." *Espinoza v. Walgreen Co.,* 2009 U.S. Dist. LEXIS 79178 *4 (D. Aug. 25, 2009)

(*citing American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S. Ct. 977, 143 L.Ed. 2d

130 (1999). An exception to the rule may exist if a private party acts as a willful participant in a

conspiracy or a "joint activity with the State or its agents" *Gallagher v. Neil Young Freedom*

*Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995); *see also Pino v. Higgs*, 75 F.3d 1461, 1465 (10th

Cir. 1997) (internal quotation marks and brackets omitted); *Tower v. Glover*, 467 U.S. 914, 920

(1984) (a private person acts under color of state law when engaged in a conspiracy with state

officials to deprive another of federal rights.).

Fowler's amended complaint fails to state a violation of 42 U.S.C. § 1983. Fowler neither alleges that any of the named Defendants were acting under color of law nor provides an affirmative link between Defendants and a violation of her constitutional rights.[1] Moreover, to the extent Fowler attempts to claim some type of collusion between the Defendants and unnamed jurists or tribunals, she her fails to provide allegations of an agreement or concerted action between these groups.[2] While claims of a conspiracy may form the basis of a § 1983 claim, a Plaintiff must set forth "specific facts showing an agreement and concerted action amongst the defendants . . . . Conclusory allegations of conspiracy are insufficient to state a valid 1983 claim." *Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 533 (10th Cir. 1998) (quotations and citation omitted).

Additionally, as a law firm and private actor, Defendant Mark R. McDougal & Associates cannot not be held liable under § 1983 solely for the acts of its agent attorneys. *See Auvaa* 506 F. Supp. 2d at 909 (*citing Monell v. Dep't. of Social Services of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978). Rather, Plaintiff must point to some type of rule or official policy instituted by the firm that was a "'direct cause' or 'moving force' behind the constitutional violations." *Id.* (*citing Pembaur v. City of Cincinnati,* 475 U.S. 469, 480-85, 106 S. Ct. 1292, 89

---

[1]Plaintiff generally asserts that her right to know opposing evidence, right to cross-examine adverse witnesses, right to be represented by counsel and right to a record of the evidence were violated (Dkt No. 30.)

[2]Fowler attaches several rulings and orders to her pleadings issued by Judge Royal Hansen of the Third District Court for the State of Utah (Dkt. No. 30-3, Dkt. No. 30-6.) While unclear, it appears Plaintiff offers the rulings as support for her claim of collusion or some type of bias by the court.

L.Ed. 2d 452 (1986). Fowler has not done so and for the reasons set forth the court recommends that her § 1983 claim be dismissed.

## 42 U.S.C. § 1985 (2)

There are four distinct clauses under Section 1985(2), each of which creates a distinct cause of action. *Wright v. Skiter, Inc.,* 774 F.2d 422, 425 (10th Cir. 1985). Citing to the first clause, Fowler appears to assert a Section 1985 "deterrence claim" under which "two or more persons in any State or Territory *conspire to deter*, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely fully, and truthfully." 42 U.S.C. 1985(2) (emphasis added). The three elements of a deterrence claim are: "(1) a conspiracy; (2) to deter testimony by force or intimidation, and (3) injury to the plaintiff. *Brever v. Rockwell Intl. Corp.,* 40 F.3d 1119, 1126 (10th Cir. 1994). Similar to § 1983, a § 1985 conspiracy "requires the combination of two or more persona acting in concert," and arriving at a "meeting of the minds or agreement." *Abercrombie v. City of Catoosa, Okla.,* 896 F.3d 1228, 1230 (10th Cir. 1990). Conclusory allegations of conspiracy are insufficient. *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010); *Martinez v. Martinez*, 2010 WL 1608884, at *12 (D. N. M. March 30, 2010). In addition, Plaintiff must establish that the purpose of the alleged conspiracy is to deter a party or witness from attending a hearing or testifying freely. *Brown v. Chafee*, 612 F.2d 497, 502 (10th Cir. 1979).

In support of her claim, Plaintiff states she was in Judge Royal Hansen's courtroom at the Third District Court when she overheard Defendants Douglas McDougal, Mark McDougal and Brent Wamsley, state they were going to "sue her for slander and libel" in a very "loud" and

"arrogant" manner (Dkt. No. 30, pg. 10.) These allegations, however, are unable to support Plaintiff's § 1985(2) claim. As addressed above, Fowler fails to set forth any specific allegations to support the existence of a conspiracy. A loud conversation between two or more persons does not establish the requisite meeting of the minds or show the existence of an agreement to deter Fowler from attending or testifying as a witness. Further, Plaintiff fails to allege that the Defendants' statements were made to deter her testimony by force or intimidation. To the contrary, she specifically indicates that the statements upon which she relies were *"not in any way* made for the purpose of deterring the Plaintiff from testifying in her prior state court action against Defendants." *Id.* at 11 (emphasis added). Accordingly, the court recommends that Fowler's Section 1985 claim be dismissed.

### 42 U.S.C. § 1986

Next, Fowler asserts a Section 1986 claim for failure to prevent a conspiracy. Plaintiff's 42 U.S.C. § 1986 claim cannot exist independent of her Section 1985 claim. *Taylor v. Nicols,* 558 F.2d 561, 568 (10th Cir. 1977) ("There cannot be a valid claim under Section 1986 unless there is also a . . . valid Section 1985 claim."); *Olson v. Belvedere Ass'n*., 2015 U.S. Dist. LEXIS 44353, at *6 (D. Utah Apr. 2, 2015) ("[B]ecause there are no alleged predicate violations of 42 U.S.C. 1985, any claim made pursuant to 42 USC 1986 should also be dismissed) .

Thus, because the court determined Fowler cannot state a valid Section 1985 claim, her Section 1986 claim also fails.

### Discrimination

Finally, Plaintiff asserts a generic "socio-economic discrimination" claim against Defendant Schow and the state court seemingly based upon her inability to pay for copies of

court transcripts (Dkt. No. 30, pg. 12) ("[t]his socioeconomic discrimination was an obstruction of justice, in hopes the Plaintiff didn't have the money to go forward, and the court should not facilitate justice by waiving the fees."). Fowler's claim is based upon vague statements and conclusory allegations and fails to support any cognizable cause of action. *See generally, Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir. 2012). As a result, Fowler's discrimination claim should be denied.

**Plaintiff's Renewed Motion To Appoint Counsel**

This court previously issued an order denying Fowler's motion to appoint pro bono counsel (Dkt. No. 9.) Plaintiff now seeks a reconsideration of the court's prior order based upon "a recent history of a central retinal artery occlusion in her left eye that has made her blind in that eye." (Dkt. No. 39.)

As a civil litigant, Plaintiff does not have a constitutional right to counsel. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Dirre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Further, "'[t]he burden is on the applicant to convince the court that there is sufficient merit to [her] claims to warrant the appointment of counsel.'" *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (*quoting McCarthy v Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). While sympathetic to Plaintiff's health issues, the court is not convinced that circumstances have changed such that appointment of counsel is warranted. The substance of Fowler's renewed motion to appoint itself evidences Plaintiff's continued ability to present claims and arguments despite her visual challenges (Dkt. No. 38-1.) As a result, the court recommends that Fowler's motion for appointment of counsel be denied (Dkt. No. 38.)

**Plaintiff's Motion To Dismiss Defendants' Answers**

9

Based upon the court's recommendation of dismissal, Fowler's motion to dismiss Defendants answers to the amended complaint is moot (Dkt. No. 37.)

In addition, the remedy Plaintiff seeks is unclear as the court is unable to determine if Plaintiff seeks to dismiss Defendants' pending motions to dismiss (Dkt. No. 31, Dkt. No. 32, Dkt. No. 34, Dkt. No. 35, Dkt. No. 36) or Defendants' answers to her amended complaint, none of which have been filed.[3]

## RECOMMENDATION

For the foregoing reasons the court hereby RECOMMENDS to the District Court the following:

1. Fowler's amended complaint be dismissed for failure to state a claim under the screening provision of 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 12(b)(6);

2. Defendants' pending motions to dismiss for failure to state a claim be granted (Dkt. No. 31, Dkt. No. 32, Dkt. No. 34, Dkt. No. 35, Dkt. No. 36); and

3. Plaintiff's renewed motion for appointment of counsel (Dkt. No. 38) and motion to dismiss Defendants' answers be denied (Dkt. No. 37.)

Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A party must file an objection to this Report and Recommendation within fourteen (14) days of being served. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

---

[3]On April 28, 2016 Defendant Mark McDougal filed an Answer to Plaintiff's original complaint (Dkt. No. 11.) Mr. McDougal has not filed an Answer to Fowler's amended pleading but, as allowed under the rules, has filed a motion to dismiss the amended complaint (Dkt. No. 36); Fed. R. Civ. P. 12.

Dated this 14th day of December, 2016.

_____

Dustin Pead
U.S. Federal Magistrate Judge